UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ, <br><br> Plaintiff, <br><br> v. <br><br> OCHOA, Correctional Officer at North Kern State Prison, <br><br> Defendant. | No. 1:19-cv-01570-DAD-JDP (PC) <br><br> <u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S APPLICATIONS TO PROCEED *IN FORMA PAUPERIS*</u> <br><br> (Doc. Nos. 3, 4, 7, 8) |

Plaintiff Guillermo Trujillo Cruz is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 20, 2019, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(g) be denied because plaintiff had three or more prior strike dismissals and that he be ordered to pay the required $400.00 filing fee for this action in full within thirty (30) days. (Doc. No. 7.) The findings and recommendations were served on plaintiff and contained notice that objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 3.) On December 16, 2019, plaintiff filed objections to the findings and recommendations. (Doc. No. 9.)

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including all of plaintiff's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis.

Although plaintiff does not contest that he has accumulated at least three prior strike dismissals, enough to be barred by the "three strikes" provision, he contends that he qualifies for the exception for prisoners who face "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). However, plaintiff's objections do not address the magistrate judge's point that the "alleged threats and harassment at the North Kern facility," where the events at issue in this case allegedly took place, do not appear to "put him in imminent danger at Pelican Bay," the facility where plaintiff was incarcerated at the time of the filing of this action.[1] (Doc. No. 7 at 2.)

Accordingly,

1. The findings and recommendations issued on November 20, 2019 (Doc. No. 7) are adopted;
2. Plaintiff's motions to proceed *in forma pauperis* (Doc. Nos. 3, 4, 8) are denied;
3. Within twenty-one (21) days from the date of service of this order, plaintiff shall pay the $400.00 filing fee in full in order to proceed with this action;
4. Plaintiff is warned that failure to pay the filing fee within the specified time will result in the dismissal of this action; and
5. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **February 5, 2020**

UNITED STATES DISTRICT JUDGE

---

[1] In addition, defendant refers to a prison official named "S. Savoie" as the defendant in this action, despite that individual not being a named party to this case. (*See* Doc. No. 9 at 1–2.)