UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>OCHOA, *Correctional Officer at North Kern State Prison*,<br><br>Defendant. | No. 1:19-cv-01570-DAD-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 25) |

Plaintiff Guillermo Trujillo Cruz is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 5, 2020, the undersigned adopted the findings and recommendations issued by the assigned magistrate judge (Doc. No. 7), denied plaintiff's motions to proceed *in forma pauperis*, and directed plaintiff to pay the required filing fee in order to proceed with this action. (Doc. No. 12.) Plaintiff was warned that failure to pay the filing fee within the specified time would result in the dismissal of this action. (*Id.* at 2.) Because plaintiff failed to pay the required filing fee, on March 18, 2020, the court dismissed this action without prejudice due to plaintiff's failure to obey a court order and to pay the required filing fee. (Doc. No. 13.) Judgment was entered on March 18, 2020. (Doc. No. 14.) On March 27, 2020, plaintiff appealed the court's

order dismissing this action to the Ninth Circuit Court of Appeals.  (Doc. No. 15.)  On July 28, 2020, the Ninth Circuit dismissed plaintiff's appeal, stating that "[b]ecause the appeal is so insubstantial as to not warrant further review, it shall not be permitted to proceed."  (Doc. No. 21.)

On December 3, 2020, plaintiff filed a motion for reconsideration of the court's order (Doc. No. 13) dismissing this action without prejudice due to his failure to obey a court order and to pay the filing fee as required.  (Doc. No. 25.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control."  *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).  Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or

different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Here, plaintiff's motion does not identify any basis under Rule 60(b) upon which this court should reconsider its order dismissing this action due to plaintiff's failure to obey a court order and to pay the filing fee as required. Instead, plaintiff merely states that he seeks reconsideration because he had not consented to magistrate judge jurisdiction, and the assigned magistrate judge "erroneously dismissed this case with prejudice." (Doc. No. 25.) Plaintiff is mistaken, however, because the magistrate judge did not dismiss this case—the magistrate judge issued findings and recommendations recommending dismissal of this action, which the undersigned then adopted. In addition, contrary to plaintiff's assertion, the court dismissed this action *without prejudice*. (*See* Doc. No. 13.)

Plaintiff simply has provided no basis under Rule 60(b) to support reconsideration of the court's order dismissing his action without prejudice.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 25) is denied;
2. This case shall remain closed; and
3. No further filings will be entertained in this closed case.

IT IS SO ORDERED.

Dated: **December 8, 2020**

_____
UNITED STATES DISTRICT JUDGE